51 F.3d 270
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David L. WHITEHEAD, Plaintiff-Appellant,
v.
R. James WOOLSEY, Director of Central Intelligence Agency,
Defendant-Appellee.
David L. WHITEHEAD, Plaintiff-Appellant,
v.
R. James WOOLSEY, Director of Central Intelligence Agency,
Defendant-Appellee.
David L. WHITEHEAD, Plaintiff-Appellant,
v.
William H. WEBSTER, Director, Central Intelligence Agency;
Lynn Martin, Director, Department of Labor; Delores L.
Rozzi, Director, United States Equal Employment Opportunity
Commission; Evan J. Kemp, Chairman, United States Equal
Employment Opportunity Commission; Benjamin A. Streeter;
Anthony M. Frank, United States Postmaster General,
Director; Nicholas Katzenbach; Stephanie Colbert; Robert
Hayden, III; Richard Kerr; Wiz Records; Lew Rosenfeld,
VP; Fran Snyder; George Farmer; Ted Clark; Barbara
Cooper; Diane Yancey; Eileen Turmelle; Radio Shack;
First American Bank, N.A.; Bonnie W, Defendants-Appellees.
David L. WHITEHEAD, Plaintiff-Appellant,
v.
R. James WOOLSEY, Director of Central Intelligence Agency,
Defendant-Appellee.
 Nos. 93-2578, 94-1241, 94-1374, 94-1521.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 15, 1995.
Decided: March 30, 1995.
 
 David L. Whitehead, Appellant Pro Se. Theresa Carroll Buchanan, Office of the United States Attorney, Alexandria, VA; Thomas Michael Hennessey, Law Offices of Thomas M. Hennessey, Washington, DC, for Appellees.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In these consolidated appeals, David L. Whitehead appeals from various district court orders in two actions alleging employment discrimination based on race. For the reasons set forth below, we affirm in part and dismiss in part.
 
 
 2
 In No. 93-2578, Whitehead appeals, in part, the district court's denial of reconsideration of a magistrate judge's refusal to reinstate certain defendants. We dismiss that part of Whitehead's appeal for lack of jurisdiction because the order is not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed.R.Civ.P. 54(b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.
 
 
 3
 The other portion of Whitehead's appeal in No. 93-2578 concerns the district court's denial of Whitehead's request for injunctive relief, and the district court's denial of reconsideration of that order. Although the denial of injunctive relief is interlocutory, it is an appealable order pursuant to 28 U.S.C. Sec. 1292(a)(1) (1988). However, we affirm the district court's denial of injunctive relief because Whitehead failed to meet the four-prong test for injunctive relief. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194-96 (4th Cir.1977). Thus, we dismiss in part and affirm in part the appeal in No. 93-2578, and we deny Whitehead's pending motions for emergency relief in the form of reinstatement to his former position.
 
 
 4
 In No. 94-1241, Whitehead appeals the district court's denial of reconsideration of its order dismissing certain parts of Whitehead's amended complaint for failure to administratively exhaust those claims. Whitehead's appeal from that order is interlocutory because the order dismissed only part of the complaint. Thus, we lack jurisdiction to consider that appeal for the reasons set forth above, and we dismiss that appeal.
 
 
 5
 In No. 94-1521, Whitehead appeals the district court's orders granting summary judgment to Defendants and denying reconsideration of that order. Our review of the record and the district court's orders reveals that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court, as stated from the bench in a March 18, 1994, hearing.* Whitehead v. Woolsey, No. CA93-1291-A (E.D. Va. Mar. 23 & 29, 1994).
 
 
 6
 Finally, in No. 94-1374, Whitehead appeals from the district court's order dismissing his second Title VII action. Our review of the record and the district court's order reveals that this appeal is without merit. Accordingly we affirm on the reasoning of the district court. Whitehead v. Webster, No. CA-93-1547 (E.D. Va. Mar. 8, 1994).
 
 
 7
 Accordingly, for the reasons set forth above, we affirm in part and dismiss in part. Although we grant Whitehead's motion to file an attachment to his brief, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 No. 93-2578, AFFIRMED IN PART AND DISMISSED IN PART
 
 No. 94-1241, DISMISSED
 Nos. 94-1374 and 94-1521, AFFIRMED
 
 
 *
 The district court correctly found that, even if Whitehead had established a prima facie case of discrimination, he was unable to rebut the legitimate, nondiscriminatory reasons given by Defendants for his termination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Further, to the extent that other employees used racially offensive comments, those comments alone do not rise to the level of a hostile work environment. Harris v. Forklift Systems, Inc., 62 U.S.L.W. 4004, 4005 (U.S.1993); Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986)